IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY MICHAEL FLORES,

    Plaintiff,                    No. CIV S-07-1650 JAM KJM P

    vs.

SOLANO COUNTY SHERIFF'S DEPARTMENT, et al.,

    Defendants.             FINDINGS & RECOMMENDATIONS
_____/

        Plaintiff is a former county jail inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. On November 17, 2008, this court granted defendant's motion to compel and ordered plaintiff to appear for a deposition to be scheduled by counsel for defendant Waller. (Docket No. 33). In that order, plaintiff was warned that failure to comply could result in a recommendation that the action be dismissed.

        Defendant's counsel scheduled plaintiff's deposition a third time, for December 5, 2008. On December 9, 2008, counsel filed a declaration averring that plaintiff had not appeared at the deposition and that the notice, mailed to plaintiff at his last known address, was returned as undeliverable. Docket No. 35 ¶ 4. Counsel also avers that plaintiff has failed to respond to the written discovery requests she has served on plaintiff.

/////

1

The court's order of November 17, 2008, sent to the address plaintiff had provided to the court, was also returned as undeliverable. See Docket Entries of 12/1/08 and 12/4/08. In addition, the court's discovery and scheduling orders, mailed to plaintiff on July 7, 2008, were returned as undeliverable. Docket No. 30.

Even though plaintiff's copy of the deposition notice and the court's orders were returned, plaintiff was properly served. It is the plaintiff's responsibility to keep the court apprised of his current address at all times. Pursuant to Local Rule 83-182(f), service of documents at the record address of the party is fully effective. Moreover, plaintiff was directed to keep the court and parties apprised of any change of address and warned that his failure to do so could be a basis for dismissal of the action. See Docket No. 25 ¶ 13.

Despite the court's determination that plaintiff was properly served, it does not find that plaintiff received actual notice of the scheduled depositions or the written discovery requests so as to support a finding of willfulness, bad faith or fault sufficient to support the sanction of dismissal under Federal Rules of Civil Procedure 37(b)(2)(C). Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1338 (9th Cir. 1985).

Nevertheless, dismissal is appropriate for plaintiff's failure to respond to court orders and failure to keep the court apprised of his address. Fed. R. Civ. P. 41(b).

IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss (docket no. 32) be denied; but

2. The action be dismissed for plaintiff's failure to comply with court orders.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised

1  that failure to file objections within the specified time may waive the right to appeal the District
2  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: January 16, 2009.

_____
U.S. MAGISTRATE JUDGE

2

flor1650.57